IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AUTUMN LEAVES SEALS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDERING DENYING MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL ACT<br><br>Case No. 2:09-CR-232 TS |

This matter is before the Court on Defendant's Motion to Dismiss for Violation of Speedy Trial Act. For the reasons discussed below, the Motion will be denied.

Defendant was originally arraigned on June 16, 2009, for violating 26 U.S.C. § 5861(d), Possession of an Unregistered Destructive Device.[1] Trial was originally set for August 24, 2009.[2] On July 21, 2009, Defendant filed a Motion to Continue which was granted on July 27, 2009. That order set a new trial date for October 27, 2009, and tolled the time between the

---

[1]Docket Nos. 1, 8.

[2]Docket No. 8.

August 24 date and the October 27 date. Therefore, between the date of the arraignment and the issuance of the July 27th Order, 35 Speedy Trial days had passed. Additionally, because that Order only excluded the time from August 24 to October 27, 28 Speedy Trial days ran from July 27, 2009 to August 24, 2009. Thus, as of August 24, 2009, 63 Speedy Trial days had passed.

On September 24, 2009, Defendant filed a second Motion to Continue.[3] The second motion was granted on September 29, 2009, continuing the trial and excluding Speedy Trial time until December 16, 2009.[4] Because this motion was within the time previously excluded no time was added. On November 25, 2009, Defendant filed a third Motion to Continue.[5] The Court granted this Motion on December 10, 2009, continuing the trial until February 18, 2010 and excluding the time from December 16, 2009 until February 18, 2010.[6] Therefore, no additional time accrued. On February 9, 2010, the government filed a Motion to Continue.[7] The Court granted that Motion on February 10, 2010 and excluded all time between February 9, 2010 until June 14, 2010, the new trial date. Therefore, after August 24, 2009, no Speedy Trial time has accrued.

On February 10, 2010, the government filed a superceding indictment.[8] Defendant was

---

[3]Docket No. 31.

[4]Docket No. 32.

[5]Docket No. 33.

[6]Docket No. 35.

[7]Docket No. 39.

[8]Docket No. 43.

arraigned on this indictment on February 23, 2010.[9] Defendant argues that the filing of the superceding indictment started a new Speedy Trial clock and that, therefore, 111 days will have passed between that arraignment and the trial date of June 14, 2010.

The Tenth Circuit in *United States v. Mora*,[10] cited both the Eighth and Fifth Circuits in stating that a superceding indictment does not reset the speedy trial clock when it only joins or adds required offenses.[11] In this case the superceding indictment merely added a violation of 18 U.S.C. § 922(g)(1) for possession of the destructive device after a felony conviction. The possession of the destructive device is the same destructive device the original count (a violation of 26 U.S.C. § 5681(d)) was based on. As the government points out, § 922 and § 5681(d) must be joined because the possession element of § 922(o) proves a violation of § 5861(d). Therefore, if the counts were not joined, double jeopardy would bar the government from bringing a second indictment based on the same act.[12] Because the superceding indictment was filed to avoid double jeopardy issues, the filing of that indictment did not reset the Speedy Trial clock.

Based on the above, the Court finds only 63 days of Speedy Trial time has run, and, consequently, there has been no Speedy Trial Act violation. Therefore, it is hereby

---

[9]Docket No. 47.

[10]135 F.3d 1351 (10th Cir. 1998).

[11]*Id*. at 1355.

[12]*See United States v. Dalton*, 795 F. Supp. 353, 354 (D. Colo. 1992).

3

ORDERED that Defendant's Motion to Dismiss for Violations of Speedy Trial Act (Docket No. 57) is DENIED.

DATED   June 10, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge